UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL K. KINCAID, ) | Case No.: 1:08 CV 546 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER |
| vs. ) | |
| ) | |
| CALVIN TATE, *et al.*, ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants ) | AND ORDER |

On March 4, 2008, plaintiff pro se Michael K. Kincaid filed this in forma pauperis action against defendants Calvin Tate and Frank Jackson. Mr. Kincaid petitions for a "Temporary Court Seal," an injunction against Frank Jackson, City of Cleveland, "Relief and Remedy Demand from City of Cleveland," and "Damages and Pain and Suffering from one Calvin Tate." He seeks an award of $450,000.00 for "8 days of jail - lost wages, pain and suffering."

For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e), and **plaintiff is enjoined from filing any new lawsuits or other documents in this court without seeking and obtaining leave to do so.** Further, the Clerk is instructed not to accept or file any further documents in this action.

It is difficult to discern the nature of Mr. Kincaid's complaint and numerous filings in this case. There are complaints of theft, false arrest and a "Due [sic] Your Duty" directive to this court. Beyond these facts, the pleadings are too incoherent to decipher exactly what relief Mr. Kincaid is seeking from this court.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court shall dismiss a claim under section 1915(e) if the claim is frivolous.[1] A claim is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990).

This action lacks an arguable basis in law. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Given the most liberal construction, the complaint does not contain allegations which might give rise to a valid federal claim for relief against this defendant.

The court takes judicial notice of its own records in observing that this is the sixth frivolous lawsuit filed by plaintiff in this court.[2] There is also an additional cases he filed which is

---

[1] 28 U.S.C. § 1915(e) states, in pertinent part:

> [T]he court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ... .
>
> A frivolous claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. See McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (court should screen all cases under section 1915(e); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] The previous lawsuits dismissed as frivolous in this court are: Kincaid v. Commerce Dept. et al., 1:99 CV 1974 (N.D. Ohio 1999); Odens et al. v. National City Bank, 1:01 CV 0737

(continued...)

2

pending review in this court.³ Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted).⁴

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and abuse the judicial process. Accordingly, Michael J. Kincaid is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court from the Miscellaneous Duty Judge in accordance with the following:

---

²(...continued)
(N.D. Ohio 2001); Kincaid v. Glavas, et al., 1:04 CV 1222 (N.D. Ohio 2004); Kincaid v. State of Ohio et al., 1:04 CV 1706 (N.D. Ohio 2004); Kincaid v. United States, et al., 5:07 CV 0123 (N.D. Ohio 2007).

The pending case in this District is: Kincaid v. United States, 1:08 CV 0873 (O'Malley, J.).

⁴ Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.
>
> 4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further harassment of the court by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Michael Kincaid prior to his obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, CIS forms, cover sheets, <u>in forma</u>

4

pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Kincaid files, **unless and until leave is granted.**

Accordingly, plaintiff's request to proceed in forma pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 23, 2008